IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ESPEL CALIXTO,**

        Petitioner,

v.                                                          **Case No. 1:15-cv-12778**

**BART MASTERS, WARDEN,**
**FCI McDowell**

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

On August 28, 2015, while incarcerated at Federal Correctional Institution ("FCI") McDowell in Welch, West Virginia, Petitioner Espel Calixto ("Calixto") filed a § 2241 petition, asking this Court to vacate an incident report and sanctions he received at FCI Fort Dix. (ECF No. 1). In the alternative, Calixto asked that the matter be remanded to the Federal Bureau of Prisons ("BOP") with instructions to provide Calixto with an opportunity to appeal the sanctions.[1] (*Id.*). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. §

---

[1] Since filing the habeas petition, Calixto has been transferred to FCI Berlin in Berlin, New Hampshire. *See* BOP inmate locator at www.bop.gov/inmateloc/. Nevertheless, this Court retains jurisdiction over Calixto's action. *Warren v. United States of Am., Inc.*, No. CA 3:10-1245-MBS-JRM, 2011 WL 4435655, at *3 (D.S.C. Sept. 23, 2011) (finding that "[t]he Fourth Circuit has previously held that in a § 2241 habeas action '[j]urisdiction is determined at the time an action is filed,' meaning that 'subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction.'") (quoting *United States v. Edwards*, 27 F.3d 564, 1994 WL 285462 (4th Cir.1994)).

636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED,** and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

### I. Relevant History

On January 22, 2011, when Calixto was an inmate at FCI Fort Dix, he was charged in an incident report with possession of a hazardous tool. (ECF No. 1 at 12). Calixto was accused of using an unauthorized cell phone to make four threatening telephone calls to his 16-year-old daughter between August 8 and August 26, 2010. (*Id.*). In accordance with BOP rules for inmate discipline, Calixto was given a written copy of the incident report, was advised of his rights, and was given a chance to provide a statement concerning the alleged incident. (ECF No. 15-1 at 12-13). Calixto denied the accusation outright. Accordingly, after reviewing the matter, the Unit Discipline Committee decided to refer the incident report to a Discipline Hearing Officer ("DHO") for further proceedings. (*Id.* at 12).

Once the matter was referred, Calixto was advised of his rights with respect to the hearing before the DHO. (*Id.* at 17). The hearing took place on February 16, 2011. Calixto requested a staff representative; therefore, Counselor Simms appeared and offered a statement on Calixto's behalf. (ECF No. 15-1 at 4). Calixto did not offer any witnesses, but he was permitted to make a statement and tender documentary evidence. (*Id.*). On March 4, 2011, the DHO issued a three-page written decision and disposition, finding Calixto guilty of the misconduct charged. (*Id.* at 4-6). The decision and disposition detailed the evidentiary basis for the guilty finding, set forth the sanctions imposed, and explained the reason for the sanctions selected. Of particular relevance to Calixto's

habeas petition, one sanction imposed by the DHO was disallowance of 40 days of good conduct credit. (*Id.* at 5). Although the DHO's decision and disposition should have been given to Calixto after its completion, Calixto did not receive a copy during his stay at FCI Fort Dix.

On June 14, 2011, Calixto wrote to the DHO stating that he was now housed at FCI Ray Brook in New York, and indicating that he had never received a copy of the DHO's written decision. (ECF No. 17 at 6). Calixto requested a copy of the decision and disposition, as well as other evidence related to the incident report. However, Calixto never received the decision and disposition. Consequently, four years later, he filed the instant petition for habeas relief on August 28, 2015.

On November 5, 2015, Respondent filed a motion to dismiss the petition on the ground that it was moot. (ECF No. 7). Respondent provided an affidavit from Sharon Wahl, paralegal for the Beckley Consolidated Legal Center at FCI Beckley, who had researched Calixto's concern. (ECF No. 7-1 at 2-3). Ms. Wahl confirmed, through an examination of Calixto's Central File held by the BOP at FCI McDowell, that Calixto had not received the DHO's decision and disposition related to the January 22, 2011 incident report. However, Ms. Wahl noted that the decision and disposition was available in Calixto's Central File. Thus, she was able to remedy the oversight and provide a memorandum from Calixto's Case Manager at FCI McDowell, documenting that he had given Calixto a copy of the DHO's decision and disposition. (*Id.* at 9). Ms. Wahl also provided an acknowledgment from Calixto, verifying that he had received a copy of the decision on September 25, 2015. (*Id.* at 11). Respondent argued that Calixto could now appeal the DHO's decision, which was the alternate relief he had requested in his petition. Therefore, in Respondent's view, the petition was now moot and subject to

3

dismissal.

On December 3, 2015, Calixto replied to Respondent's motion to dismiss, asserting that the petition was not moot. Calixto claimed that he had attempted to appeal the DHO's decision through proper BOP channels, only to have it rejected as untimely. (ECF No. 10). Calixto claimed that any further efforts to appeal the DHO's decision were "futile," and thus his petition was ripe for disposition. He argued that the delayed production of the DHO's decision clearly violated his right to due process of law. Accordingly, he was entitled to habeas corpus relief. (*Id.*).

In light of Calixto's reply, the undersigned ordered Respondent to supplement its response to the petition. (ECF No. 14). On January 25, 2016, Respondent filed a supplemental response and motion to dismiss, explaining that the BOP's rejection of Calixto's appeal may have been due to his failure to follow the proper administrative procedure. (ECF No. 15). Respondent acknowledged, however, that notwithstanding a prisoner's obligation to follow the BOP's appeal process correctly, complete each step, and exhaust administrative remedies before filing a habeas petition, exhaustion could be excused in certain situations. Given Calixto's circumstances, Respondent ignored the exhaustion requirement and proceeded to address the substantive merits of the incident report and disallowance of good conduct credit. Respondent argued that Calixto received due process during the DHO's proceedings, and the DHO's guilty finding was supported by sufficient evidence; therefore, Calixto's petition had no merit.

Calixto filed a reply to Respondent's supplemental response and motion to dismiss on February 19, 2016. (ECF No. 17). Once again, Calixto complained about the delay he experienced in receiving the DHO's decision and disposition. Calixto also stated that the DHO's finding of guilt lacked an evidentiary basis, but Calixto provided no

4

further support for that argument.

## II. <u>Discussion</u>

The first issue to address is whether Calixto's petition is properly before the Court. As Respondent suggests, absent exceptional circumstances, an inmate must exhaust administrative remedies before proceeding under 28 U.S.C. § 2241. *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (confirming that "habeas corpus is an extraordinary remedy typically available only when the petitioner has no other remedy."). The parties agree that Calixto failed to exhaust the BOP's appeals process with respect to his 2011 incident report. Calixto claims that the fifty-four month delay in providing him with the DHO's decision and disposition precluded him from appealing the matter and made the administrative process futile. In contrast, Respondent asserts that Calixto failed to satisfy the BOP's procedural rules for administrative review once he was given the DHO's decision. Nevertheless, Respondent decided to address the merits of Calixto's petition, essentially waiving the exhaustion defense. Accordingly, the undersigned will do likewise.

Initially, Calixto raised one ground in the petition. (ECF No. 1 at 6). He contended that he was denied his due process rights when the DHO deducted 40-days of good conduct credit without giving him a copy of the written decision and without allowing him to appeal. Not surprisingly, Calixto's positon altered slightly after the BOP gave him a copy of the DHO's decision, paving the way for his appeal. Calixto subsequently argued that providing the DHO's decision more than four years late was pointless, given that the BOP denied his appeal on the ground that it was untimely. (ECF No. 10). To remedy Calixto's predicament, Respondent abandoned the exhaustion requirement and agreed to address the procedural and evidentiary validity of the DHO's decision in this forum.

5

However, instead of taking the opportunity to demonstrate that "no direct or circumstantial evidence [supported] the DHO's findings of guilt," Calixto inexplicably reverted to his initial position. He now insists that FCI Fort Dix's failure to promptly give him the DHO's decision and disposition constituted a due process violation that cannot be rectified and that entitles him to reinstatement of his good conduct credit.

### A. Due Process Claim

The Fourteenth Amendment to the United States Constitution protects inmates from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed. 2d 935 (1974). When a federal prisoner is subject to a disciplinary proceeding that may result in the loss of good conduct credit, the prisoner is guaranteed procedural due process by: (1) written notice of the charges provided at least 24 hours in advance of the disciplinary hearing; (2) disclosure of the evidence; (3) the ability to call witnesses and present documentary evidence, when doing so does not pose a hazard to institutional safety or correctional goals; (4) a neutral and impartial fact-finder; and (5) a written statement by the fact-finder of the evidence relied upon and the reasons for any disciplinary action. *Wolff,* 418 U.S. at 559-66; *Ewell v. Murray*, 11 F.3d 482, 488 (4th Cir. 1993). The BOP's DHO follows a procedure that incorporates these due process protections. *See* 28 C.F.R. § 541.8. Included in the procedures is a requirement that the prisoner receive a copy of the DHO's written decision, which should specify the evidence relied upon by the DHO, the sanctions imposed, and the reason for the sanctions. 28 C.F.R. § 541.8(h). In the present case, Calixto does not allege any defect in the notice, or in the DHO's hearing itself. He was permitted to offer witnesses and evidence, and he does not accuse the DHO of being biased or partial. Calixto's complaint is with the length of time that passed

6

between issuance of the DHO's decision and Calixto's receipt of same. As previously stated, Calixto contends that the BOP's failure to timely provide the decision is a due process violation that entitles him to habeas corpus relief. (ECF No. 17 at 3).

Contrary to Calixto's position, the BOP's delay in providing the DHO's written decision, in and of itself, is not a due process violation sufficient to justify habeas corpus relief. Instead, to succeed on his due process argument, Calixto must demonstrate that the delay had a prejudicial effect. *See, e.g., Griffin v. Ebbert,* Civ. No. 3:CV-07-2239, 2014 WL 3405851, at *7 (M.D. Pa. Jul. 11, 2014) (collecting cases); *Crawley v. Wilson*, No. 2:11CV542, 2012 WL 2505118, at *5 (E.D. Va. May 16, 2012) (holding that mere delay is not the due process violation; rather, prejudice resulting from the delay is the violation); *and Jordan v. Zych*, No. 7:10-CV-00491, 2011 WL 2447937, at *5 (W.D. Va. June 15, 2011) (stating "even if a prisoner does not receive a DHO report within the prescribed time frame, this delay does not provide a basis for habeas relief so long as the delay has no prejudicial effect on the inmate's administrative appeal."). Here, the delay did not have a prejudicial effect. Calixto was permitted to file an appeal once he received the DHO's decision. Although the BOP denied the appeal as untimely, Calixto suffered no harm, because he was able to proceed with judicial review of the DHO's decision. Considering that Calixto's release date is not until May 26, 2018,[2] and the good time credit at issue is only 40 days, the delay in addressing the merits of the DHO's decision did not in any way extend, or even potentially extend, the length of Calixto's confinement. Accordingly, the undersigned **FINDS** that Calixto's claim for habeas relief based upon this alleged due process violation is without merit.

---

[2] *See* BOP inmate locator at www.bop.gov/inmateloc/.

7

### *B. DHO's Decision*

In regard to the supportability of the DHO's decision, Calixto claims that there is no direct or circumstantial evidence to warrant the DHO's finding of guilt, or to support the disallowance of his good conduct credit. In *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985), the United States Supreme Court set the evidentiary standard necessary to satisfy "the minimum requirements of procedural due process" in a prison disciplinary proceeding. *Id.* (quoting *Wolff*, 418 U.S. at 558). Appreciating "the legitimate institutional needs of assuring the safety of inmates and prisoners, avoiding burdensome administrative requirements that might be susceptible to manipulation, and preserving the disciplinary process as a means of rehabilitation," the Court held "that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Id.* at 444-45. The Court explained that to ascertain whether the standard is met does not require reviewing the entire record, weighing the evidence, and independently assessing credibility. *Id.* at 445. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 445-46 (citing *United States ex rel. Vajtauer v. Commissioner of Immigration,* 273 U.S. 103, 106, 47 S.Ct. 302, 303, 71 L.Ed. 560 (1927)).

Applying this standard to the instant case, the undersigned **FINDS** that the evidence relied upon by the DHO is sufficient to meet procedural due process protections. First, the DHO considered the written summary of the employee who filed the incident report. The employee documented that Calixto's ex-wife contacted the correctional facility and stated that her (and Calixto's) 16-year-old daughter reported

8

receiving four threatening telephone calls from Calixto in August 2010. According to the daughter, the calls were placed from a cell phone number, which the ex-wife provided. The ex-wife also stated that the calls could not be blocked like calls that originated from the prison facility's telephone system, because the calls did not include the pre-recording identifying them as coming from the facility. The employee further confirmed that the facility's TRUFONE telephone system records were reviewed, and they established that Calixto had not used the facility's phone system between the dates of August 9 through October 15, 2010.

Second, the DHO considered Calixto's statements. When the DHO asked Calixto why he had not used the facility's telephone system for over two months, Calixto stated that he was having problems with members of his family, who wanted to place his father in a nursing home, and he did not want to speak with anyone. The DHO did not find this statement credible, concluding that if Calixto were worried about his father going to a nursing home, it was unlikely that he would terminate all communication with his family members. The DHO also noted that the period during which Calixto stopped using the facility's telephone system corresponded with the time frame during which he made the threatening telephone calls to his daughter, corroborating the ex-wife's statement that Calixto had indeed possessed and used an unauthorized cell phone. The written decision also stated that, in his defense, Calixto had offered letters supposedly written by his daughter, which stated that she did not know who placed the threatening calls to her. However, the DHO pointed out that none of the letters were signed.

The written decision clearly identifies several pieces of incriminating evidence considered and relied upon by the DHO. Accordingly, "the record was not so devoid of evidence that the findings of the [DHO] were without support or otherwise arbitrary."

9

*Hill*, 472 U.S. at 457. It follows, then, that the DHO's decision complied with due process of law. As such, Calixto's petition for a writ of habeas corpus must be denied.

### III. **Proposal and Recommendation**

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**;

2. Respondent's motion and supplemental motion to dismiss (ECF Nos. 7, 15) be **GRANTED**; and

3. That this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, now located at FCI Berlin, 1 Success Loop Road, Berlin, New Hampshire, 03570, and to counsel of record.

**FILED:** March 16, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge